UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL ANTHONY KRAFT,  :
 :
    Petitioner,  : NO. 1:08-CV-670
 :
  v.  :
 : **OPINION AND ORDER**
WARDEN, SOUTHERN OHIO  :
CORRECTIONAL FACILITY,  :
 :
    Respondent.  :

This matter is before the Court on the Magistrate Judge's November 18, 2009 Report and Recommendation (doc. 17). No objection has been filed.

I.  **Background**

On March 15, 2005, the Hamilton County, Ohio, grand jury returned a seventeen-count indictment charging Petitioner with five counts of rape of a minor in violation of Ohio Rev. Code § 2907.02(A)(1)(b), with a "sexually violent predator" specification attached to each count, and twelve counts of pandering sexually oriented matter involving a minor in violation of Ohio Rev. Code § 2907.322(A) (doc. 17). After a bench trial, the court found Petitioner guilty as charged, found him to be a sexual predator and sentenced him to consecutive terms of life imprisonment for each rape offense and eight years for each pandering offense (Id.).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising three assignments of error: that

the trial court erred by overruling Petitioner's motion to dismiss because Ohio Rev. Code § 2907.322(A)(1) is unconstitutionally broad and vague as applied to Petitioner; that the trial court erred by allowing hearsay evidence to be admitted into evidence, violating the Confrontation Clause and the Due Process Clauses of the United States and Ohio Constitutions; and that the evidence against Petitioner was insufficient or against the manifest weight of the evidence to sustain his convictions for rape and pandering (Id.). The Ohio Court of Appeals overruled Petitioner's assignments of error and affirmed the trial court's judgment on May 11, 2007 (Id.).

With assistance of his appellate counsel, Petitioner timely appealed to the Supreme Court of Ohio, asserting the first two counts of his appeal to the First Appellate District (Id.). The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Id.).

Petitioner filed the instant pro se habeas corpus action on September 30, 2008 (doc. 2). Petitioner alleges three grounds for relief: 1) that his pandering convictions under Ohio Rev. Code § 2907.322 are unconstitutionally overbroad and vague; 2) that Petitioner's confession was improperly admitted into evidence in violation of the corpus delicti rule; and 3)the evidence against Petitioner was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain his convictions for rape

2

and pandering (Id.).

**II. Discussion**

The Magistrate Judge found that Petitioner's second ground, that his confession was improperly admitted into evidence in violation of Ohio's corpus delicti rule, is not cognizable in this proceeding because it raises only an issue of state law (doc. 17, citing Templeton v. Foltz, 811 F.2d 608 (table), No. 85-1223, 1986 WL 18450, at *1 (6th Cir. Dec. 29, 1986).

The Magistrate Judge further found that Petitioner waived his third ground for relief because he did not provide the Supreme Court of Ohio with an opportunity to address his claim, and he provided no justification as "cause" for his procedural default, nor did he show that failure to consider Petitioner's claim would result in a fundamental miscarriage of justice (Id., citing 28 U.S.C. § 2254(b)(1), (c); Anderson v. Harless, 459 U.S. 4 (1982)(per curiam); Picard v. Connor, 404 U.S. 270 (1971)).

Regarding Petitioner's first ground for relief, the Magistrate Judge noted, as did the First Appellate District, that the overbreadth doctrine prohibits the government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process (doc. 17). The Supreme Court has held that, although the First Amendment does not protect child pornography, it does protect "virtual child pornography" that includes computer-generated pornography or pornography made by using

youthful-looking adults. <u>Ashcroft v. The Free Speech Coaltion</u>, 535 U.S. 234 (2002). The Ohio Court of Appeals overruled Petitioner's overbreadth claim because Ohio Rev. Code 2907.322 does not reach "virtual child pornography," only pornography depicting an actual minor (doc. 17).

In reaching its decision, the First Appellate District noted that the vagueness doctrine ensures that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly (<u>Id</u>.). The court then held that the statute gives fair warning of the proscribed conduct because the plain language of the statute informs an ordinary citizen that its prohibitions apply to pornography depicting an actual minor (<u>Id</u>.).

As the Magistrate Judge noted, Petitioner is not entitled to relief through a federal habeas petitioner unless the state court's adjudication of his claims resulted in a decision that is either contrary to, or involves an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings (<u>Id</u>., <u>citing</u> 28 U.S.C. § 2254(d)). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts (Id., citing Williams v. Taylor, 529 U.S. 362 (2000)). An "unreasonable application" of Supreme Court precedent occurs if the state court identifies that correct legal standard but unreasonably applies it to the facts of the case, or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply (Id.).

The Magistrate Judge agreed with the Ohio Court of Appeals, and concluded that Petitioner is not entitled to habeas relief because the Court of Appeals' decision rejecting Petitioner's overbreadth and vagueness claims is neither contrary to nor does it involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court (Id.).

**III. Conclusion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is, thorough, well-reasoned and correct. The Court finds no basis to Petitioner's claims based on corpus delicti, insufficient evidence, or unconstitutional overbreadth and vagueness. The Court further notes Petitioner filed no objection to the findings of the Magistrate Judge.

Proper notice was provided to the Parties under Title 28

U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 17), and DENIES WITH PREJUDICE Petitioner's Petition for a Writ of Habeas Corpus (doc. 1). The Court further FINDS that a certificate of appealability should not issue with respect to the constitutional claim alleged in Ground Three, which this Court has concluded is waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in Slack v. Daniel, 529 U.S. 473 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. A certificate of appealability also should not issue with respect to the state-law claim alleged in Ground Two, because Petitioner has failed to make a substantial showing of the denial of a constitutional right in that ground for relief. However, because the claims alleged in Ground One present issues that are "adequate to deserve encouragement to proceed further," see Slack, 529 U.S. 475 (citing Barefoot v. Estelle, 563 U.S. 880 (1983)), a certificate of appealability should issue with respect to Petitioner's claims, which were addressed on the merits herein, challenging the constitutionality of Ohio Rev. Code § 2907.322 on overbreadth and

6

vagueness grounds.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would be taken in good faith and therefore the Court GRANTS Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: March 2, 2010              /s/ S. Arthur Spiegel

                                  S. Arthur Spiegel
                                  United States Senior District Judge